IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

TIMOTHY ASKERNEESE,

    Plaintiff,

        v.

NISOURCE INC., COLUMBIA GAS OF
PENNSYLVANIA, INC.,

    Defendants.

13cv0634
**ELECTRONICALLY FILED**

### MEMORANDUM AND OPINION

Currently before the Court is Defendant, Columbia Gas of Pennsylvania, Inc.'s, Motion for Summary Judgment and its Brief in Support in this race discrimination lawsuit.[1] Doc. no. 35. Plaintiff, Timothy Askerneese, filed a Response in Opposition to Defendant's Motion for Summary Judgment (doc. no. 40), and Defendant filed a Reply Brief. Doc. no. 46. In addition to these filings, the Court has carefully considered the statements set forth in the Parties' Joint Concise Statement of Material Facts. Doc. no. 43. This matter is now ripe for adjudication.

### I. Background

The following facts are material and uncontested by the Parties unless otherwise indicated.

Plaintiff was employed as a customer service technician by Defendant, a supplier of natural gas, until his termination on December 1, 2012. Doc. no. 43, ¶¶ 1-3. Defendant sent a termination letter to Plaintiff dated November 30, 2012, stating, in pertinent part, as follows:

---

[1] Defendant, NiSource Inc., was dismissed pursuant to a Stipulation of Dismissal dated July 16, 2013, which this Court approved on July 17, 2013. See doc. nos. 29-30. In addition, Plaintiff withdrew his retaliation claim rendering this lawsuit solely a race discrimination lawsuit. See doc. no. 40, p. 12.

> The purpose of this letter is to confirm that your employment with Columbia Gas of Pennsylvania is terminated effective December 1, 2012.
>
> On November 26, 2012 you were suspended without pay pending an investigation involving unsatisfactory performance, and violation of safety procedures. Tim, [e]mergency response is the highest priority type of work or activity, and you have repeatedly demonstrated a disregard for the safety of the public by failing to respond to priority calls. Your refusal to respond during your shift on November 12th, is unacceptable and will not be tolerated. In addition to this instance, you have received numerous trainings, coaching, and corrective action related to the criticality of emergency response, including a 30-day suspension in July 2011. This conduct and behavior violates the CPA/CMD Standards of Conduct as well as the CPA/CMD Safety Standards and is grounds for termination. . . .

Doc. nos. 38-19 and 40-9.

Customer service technicians like Plaintiff are responsible for connecting and monitoring gas connections at residences and responding to any gas odors or similar concerns that customers may be experiencing. Doc. no. 43, ¶ 4.

The Memorandum of Understanding between Defendant and the Utility Workers Union of America, Local 475 states in relevant part as follows, "Emergency response is the highest priority type of work or activity. . . . Emergency shall be defined as any 'PR' [Priority Response] or 'EI' order."[2] Doc. no. 43, ¶ 5, doc. no. 38-4, p. 2.

Generally, all calls from Pennsylvania customers are directed to a call center in Smithfield, Pennsylvania, and at the initial stage of the call, the caller can indicate the call is an "emergency" by selecting "2" on the initial option menu. Doc. no. 43, ¶¶ 12-13. In addition, if the caller mentions certain terms during the call (such as "no gas" or "gas odor") the customer service representative taking the call will designate the work order as "an emergency." Id., ¶ 14.

---

[2] The Court notes that the parties referred to "PR" throughout the briefing and notes that Defendant's termination indicates he was terminated for "repeatedly demonstrate[ing] a disregard for safety of the public by failing to respond to 'priority calls.'" Doc. nos. 38-19 and 40-9. The Court has endeavored to use the term "priority calls" and/or "priority response" throughout it Opinion in lieu of "PR" or "emergency calls" or "emergency response."

If the customer service representative designates a work order as an emergency, the order is "transferred to the Integration Center for an assigner to dispatch." Id., ¶ 19. Assigners are responsible for monitoring the day's work so that regular orders as well as emergency orders can be completed. Id., ¶ 20. Assigners may shift assignments amongst service technicians when emergency orders come in or where particular assignments are taking longer than expected. Id., ¶ 21. If the assigner receives an emergency order, she is then required to locate on a GPS map the responder who can respond in the shortest amount of time, although there may be situations where the closest technician is not assigned to an emergency call. Id., ¶ 22. Assigners at the Integration Center are able to track technicians by the GPS system on their cellphones. Id., ¶ 23. If the overall time from the customer's telephone call through the on-site arrival of the technician exceeds sixty (60) minutes a "Delayed Priority" entry report is created for the delayed response and the report is reviewed. Id., ¶ 25.

At this point, the parties disagree as to who – the assigner or the technician – bears the blame when the policy of responding to an emergency within a sixty-minute time frame is not met. Plaintiff claims that there is no "no way to know for sure if a technician is truly late for a[n] [emergency] call where significant delay occurs before [the technician] receives it." Id. Plaintiff suggests, by way of example, that if a dispatcher delays for 15 minutes from the time the call is placed in sending the information out to a technician, and if the technician cannot arrive at the destination within 45 minutes, the technician is deemed "late" without any consideration being given to amount of time the assigner delayed in relaying the call to the technician. Id., ¶¶ 25-26.

Defendant contends that if the assigner delays in dispatching the order, a report will indicate that "dispatcher error" caused the delay, and the assigner's performance will be reviewed by her supervisor and the assigner will be held accountable. Id., ¶ 27. Defendant also

3

notes that if the technician delays in responding to the order the report will indicate "technician delay" and the technician's performance will be reviewed by his supervisor and the technician will be held accountable. Id., ¶ 28.

   **II. Standard of Review**

Summary judgment may be granted if, drawing all inferences in favor of the non-moving party, "the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a); *see also Melrose, Inc. v. Pittsburgh*, 613 F.3d 380, 387 (3d Cir. 2010).

A fact is "material" if proof of its existence or non-existence might affect the outcome of the suit under applicable law. *Anderson v. Liberty Lobby Inc.*, 477 U.S. 242, 248, (1986); *see also Lamont v. New Jersey*, 637 F.3d 177, 181 (3d Cir. 2011). Disputes must be both (1) material, meaning concerning facts that will affect the outcome of the issue under substantive law, and (2) genuine, meaning there is sufficient evidence supporting the claimed factual dispute "to require a jury or judge to resolve the parties' differing versions of the truth at trial. *In re Lemington Home for Aged*, 659 F.3d 282, 290 (3d Cir. 2011); *see also S.H. ex rel. Durrell v. Lower Merion School Dist.*, --- F.3d --- (3d Cir. 2013).

A party moving for summary judgment has the initial burden of supporting its assertion that fact(s) cannot be genuinely disputed by citing to particular parts of materials in the record – *i.e.,* depositions, documents, affidavits, stipulations, or other materials – or by showing that: (1) the materials cited by the non-moving party do not establish the presence of a genuine dispute, or (2) that the non-moving party cannot produce admissible evidence to support its fact(s). Fed.R.Civ.P. 56(c)(1). The moving party may discharge its burden by "pointing out to the

district court" the "absence of evidence to support the nonmoving party's case" when the nonmoving party bears the ultimate burden of proof for the claim in question. *Conoshenti v. Public Service Elec. & Gas Co*, 364 F.3d 135, 140 (3d Cir. 2004) (quoting *Singletary v. Pennsylvania Dept. of Corrections*, 266 F.3d 186, 192 n. 2 (3d Cir. 2001)).

Conversely, in order to defeat a motion for summary judgment, the non-moving party must support its assertion that fact(s) are genuinely disputed by citing to particular parts of materials in the record, or by showing that: (1) the materials cited by the moving party do not establish the absence of a genuine dispute, or (2) the moving party cannot produce admissible evidence to support its fact(s). Fed.R.Civ.P. 56(c)(1). When determining whether there are any genuine issues of material fact, all inferences should be drawn in favor of the non-moving party. *Berckeley Inv. Group, Ltd. v. Colkitt*, 455 F.3d 195, 201 (3d Cir. 2006).

In reviewing a motion for summary judgment, the court does not make credibility determinations, and summary judgment is "inappropriate when a case will turn on credibility determinations." *El v. Southeastern Pennsylvania Transp. Authority*, 479 F.3d 232 (3d Cir. 2007).

**III. Analysis**

    **A. Plaintiff's *prima facie* case**

To support a claim of discrimination under Title VII, as Plaintiff has alleged in this case, the employee must first produce evidence sufficient to convince a reasonable factfinder as to all of the elements of a *prima facie* case of discrimination. *Stanziale v. Jargowsky,* 200 F.3d 101, 105 (3d Cir. 2000). An employee (such as Plaintiff) establishes a *prima facie* case for race discrimination when he establishes that: (1) he is a member of a protected class; (2) he is qualified for the position; (3) he was subjected to an adverse employment action; and

(4) similarly situated members of other racial classes were treated more favorably or other circumstances exist that give rise to an inference of unlawful discrimination. *Jones v. School Dist. of Philadelphia*, 198 F.3d 403, 3d Cir. (1999).

The Court further notes the United States Court of Appeals for Third Circuit has held that "there is a low bar for establishing a *prima facie* case of employment discrimination." *Scheidemantle v. Slippery Rock University State System of Higher Educ.,* 470 F.3d 535, 539 (3d Cir. 2006), citing, *Ezold v. Wolf*, 983 F.2d 509, 523 (3d Cir. 1993) ("In Title VII cases involving a dispute over subjective qualifications, we have recognized that the qualification issue should often be resolved in the second and third stages of the *McDonnell Douglas* ... analysis [discussed below], to avoid putting too onerous a burden on the plaintiff in establishing a *prima facie* case.... Because the *prima facie* case is easily made out, it is rarely the focus of the ultimate disagreement.") (internal citations and quotation marks omitted); *Weldon v. Kraft, Inc.,* 896 F.2d 793, 798 (3d Cir. 1990) ("The framework set forth in *McDonnell Douglas* ... was never intended to be rigid, mechanized or ritualistic. Rather, it is merely a sensible, orderly way to evaluate the evidence in light of common experience as it bears on the critical question of discrimination.") (internal citations omitted).

Here, there is no dispute that Plaintiff readily meets the first three prongs of establishing a *prima facie* case for discrimination based on race: First, as an African American, he is a member of a protected class; second, he was qualified for the position from which he was terminated; and third, he sustained an adverse employment action – he was fired. With respect to the fourth prong, Plaintiff contends he has produced evidence tending to show similarly situated members of other racial classes were treated more favorably.

Plaintiff's brief indicates that another employee – Don Ray – who is Caucasian, was not terminated for refusing to respond to an emergency call. Doc. No. 40, p. 4. In addition, as previously noted by the Court, Plaintiff's termination letter indicates that he was terminated because he "repeatedly demonstrated a disregard for safety of the public by failing to respond to priority calls." Doc. no. 38-19. Plaintiff also notes that this letter indicates that his "refusal to respond . . . is unacceptable and will not be tolerated." Id. and doc. no. 40, p. 4.

Defendant argues that the United States Court of Appeals for the Third Circuit has held that "at the *prima facie* stage of analysis, evidence of differential treatment of a single member of the non-protected class is insufficient to give rise to an inference of discrimination." Doc. no. 36, p. 11, citing, *Pivirotto v. Innovative Sys., Inc.*, 191 F.3d 344, 359 (3d Cir.1999). However, in *Pivirotto,* the Court of Appeals found the plaintiff's evidence as to the fourth prong of the *prima facie* test "weak and not probative of discrimination." 191 F.3d at 359. In addition, the Court of Appeals found Michael was an in-house attorney with very different responsibilities from Pivirotto.

> The Court also noted that:
>
> Even if the jury were instructed properly on the *prima facie* case, we find it highly probable that 'the jury would have reached the same result' on the basis of this evidence." *Murray,* 145 F.3d at 156-57. Michael [the comparator employee] was an in-house attorney with very different responsibilities from Pivirotto. While there was some minimal testimony regarding his alleged failings, there was no evidence that female attorneys were treated less favorably than he was. See *Ezold*, 983 F.2d at 544. Further, evidence of differential treatment of "a single member of the non-protected class is insufficient to give rise to an inference of discrimination." *Simpson v. Kay Jewelers*, 142 F.3d 639, 646 (3d Cir.1998).
>
> Finally, in determining whether similarly situated male employees were treated more favorably, our "focus is on the particular criteria or qualifications identified by the employer as the reason for the adverse action." *Id*. at 647.

*Pivirotto*, 191 F.3d at 359.

7

The *Pivirotto* case is distinguishable from the case at bar. Here, the comparator employee appears to have the identical job as Plaintiff. In addition, in *Pivirotto,* the overarching issue was whether the trial judge properly instructed the jury to return a verdict in favor of the defendant if it did not find that the plaintiff had been replaced by a male. The issue in the instant matter does not turn on whether the Plaintiff-employee was replaced with a Caucasian employee. Moreover, based on the evidence solely before this Court at this juncture, and keeping in mind, that the "focus" should be on "the particular criteria or qualifications identified by the employer as the reason for the adverse action," it is clear that Plaintiff has supplied a comparator who has also purportedly refused priority calls. Finally, the evidence supplied (thus far) also indicates that there are situations where the technician in closest distal proximity to the priority or emergency site is not necessarily the technician who is assigned to respond to the priority call.

Next, the Court turns to *Simpson v. Kay Jewelers*, 142 F.3d 639 (3d Cir. 1998), which Defendant cited for the proposition that a single comparator is insufficient to meet the fourth prong of the *prima facie* discrimination test. In *Simpson,* the Court of Appeals began its analysis by first generally noting, "[t]his is not to say that evidence of the more favorable treatment of a single member of a non-protected group is never relevant, but rather that the evidence can not be viewed in a vacuum."

Thus, noting that "there is a low bar for establishing a *prima facie* case of employment discrimination," *Scheidemantle, supra.,* the Court concludes that Plaintiff has adduced enough evidence which could support a jury's finding that he has in fact made out a *prima facie* case for race discrimination under Title VII.

### B. Pretext

As the Court of Appeals in *Jones* noted, *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973), established the basic allocation of burdens and order of presentation of proof in a discrimination case. *Jones,* 19 F.3d at 410. In accordance with the *McDonnell Douglas* decision, the analysis proceeds in three stages. First, the plaintiff must establish a *prima facie* case of discrimination. If the plaintiff succeeds in establishing a *prima facie* case, the burden shifts to the defendant "to articulate some legitimate, nondiscriminatory reason for the employee's rejection." *Id*. Finally, should the defendant carry this burden, the plaintiff then must have an opportunity to prove by a preponderance of the evidence that the legitimate reasons offered by the defendant were not its true reasons, but were a pretext for discrimination. *Id.*

Turning to the instant matter, Defendant argues it had legitimate, non-discriminatory reasons for firing Plaintiff – specifically that Plaintiff "violated company policy on multiple occasions by delaying in responding to emergency orders, including stopping at his house and another assignment after accepting an emergency order." Doc. no. 36, p. 13. Plaintiff notes that Defendant concludes that "[t]he combination of Plaintiff's repeated violations of company policy resulted in his termination." Id., p. 14.

In response, Plaintiff points to the evidence adduced through discovery that tends to show that a Caucasian employee, Don Ray, was treated differently. Doc. no. 40, p. 6. Plaintiff notes that Don Ray was technician and that Ray refused "multiple" priority calls and was not terminated. Plaintiff also points to the evidence which (per his contention) proves that he did not refuse the priority call on November 12, 2012, which ultimately led to his termination. Id. at p. 8. All of this evidence could lead a jury to infer that Defendant did not fire Plaintiff for the reasons stated in its November 30, 2012, termination letter.

**III. Conclusion**

The Court finds that there are disputed facts present in this case which a jury must decide before a judgment can be entered. Accordingly, summary judgment is not appropriate. An appropriate Order of Court will follow.

s/Arthur J. Schwab
Arthur J. Schwab
United States District Judge

cc: All Registered ECF Counsel and Parties